IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laura L. Divane, April Hughes, Susan Bona, Katherine D. Lancaster, and Jasmine Walker,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Northwestern University, Northwestern University Retirement Investment Committee, Pamela S. Beemer, Ronald R. Braeutigam, Nimalan Chinniah, Kathleen Hagerty, Craig A. Johnson, Candy Lee, William H. McLean, Ingrid S. Stafford, and Eugene S. Sunshine,<br><br>        Defendants. | CASE NO. 16-CV-8157<br>JUDGE JORGE L. ALONSO |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO STAY DISCOVERY**

      In response to defendants' motion to stay discovery, plaintiffs concede that they do not intend to serve discovery requests for "at least a few months." Nevertheless, they insist they will be prejudiced unless defendants are required, without any document requests being served, to produce an amorphous set of documents they have labeled "core materials"—notwithstanding that defendants have already produced plan documents for the retirement plans at issue, which are the only documents that are truly "core." Plaintiffs have expanded this set of "core" documents beyond the plan documents and "meeting minutes and materials" they initially argued should be produced at the November 15, 2016 hearing to also include the twenty-three categories of documents subsequently identified in defendants' initial disclosures. The evolving nature of plaintiffs' "core materials" shows that there is no line between those materials and the "massive" discovery plaintiffs' counsel has sought in similar ERISA class actions. Allowing discovery to proceed now would therefore heavily burden defendants, likely unnecessarily, and a stay of discovery will best serve the interests of efficiency and judicial economy.

**ARGUMENT**

**I.     A Stay Will Avoid Or Streamline Discovery.**

In their opening brief, defendants demonstrated that a stay will streamline this matter because (1) Seventh Circuit precedent raises serious questions as to whether this case should proceed at all and (2) the motion to dismiss should at least narrow the broad allegations of the amended complaint, providing clarity regarding the scope of discovery going forward. Memorandum of Law in Support of Defendants' Motion to Stay Discovery at 2-3 (Dkt. No. 46) (hereinafter "Mem."). In response to the first argument, plaintiffs argue extensively that this case is different from the Seventh Circuit's decisions in *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), and *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011). Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay Discovery at 4-9 (Dkt. No. 57) (hereinafter "Opp.").[1] Although defendants will deal with plaintiffs' arguments in the context of the motion to dismiss briefing, the length of plaintiffs' argument is telling. If plaintiffs' complaint were as strong as plaintiffs say, it would not have taken six pages to distance it from *Hecker* and *Loomis*. Further, plaintiffs attack the merits of defendants' first motion to dismiss even though the motion caused plaintiffs to amend their complaint. Plaintiffs' own actions demonstrate there are serious questions regarding whether this case can continue. The Court should stay discovery until it answers those questions. *Bilal v. Wolf*, No. 06-cv-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (holding that discovery stays are appropriate where threshold challenges in a motion to dismiss can resolve the case entirely).

In response to defendants' second point that a partial dismissal would also clarify the

---

[1] Plaintiffs also argue that a stay of discovery is not automatic upon the filing of a motion to dismiss. That obvious point is the reason why defendants have filed the present motion.

2

scope of discovery, plaintiffs argue that partial dismissal will not impact the production of the "core" documents they seek currently. Opp. at 9-10. As the argument goes, those core documents cover multiple issues, and therefore, even if certain discrete issues are dismissed, the documents will still need to be produced. Plaintiffs fail to mention that defendants have already produced core plan documents. Plaintiffs produced 351 pages of plan documents, including multiple iterations of the plans and summary plan descriptions, as agreed during the November 15, 2016 hearing. Nov. 15, 2016 Tr. at 9:18-22. Plaintiffs' request for additional documents, including meeting materials, is an attempt to force defendants to use resources on discovery while plaintiffs wait to see how the Court will rule. As counsel for Northwestern explained at the November 15 meeting, searching for and producing meeting minutes and materials from the various committees relevant to the litigation would be a burdensome process putting the parties "right into the heart of discovery." *Id.* at 9:1-22. Plaintiffs' expanded demand for even more discovery pushes further into that territory.

And plaintiffs' definition of "core materials" is also expanding. At the November 15 hearing, "core" documents included plan documents and meeting materials. Plaintiffs now argue that "core" documents should also include any documents disclosed in defendants' Rule 26 disclosures, which include twenty-three categories of documents, likely spanning hundreds of thousands of pages, some which defendants noted are potentially in the possession of third parties. Opp. at 11. Producing all of this material would be a massive undertaking for defendants. This is a tremendous task for claims that should be dismissed. Even if the complaint is not dismissed outright, some of the categories of documents identified in defendants' Rule 26 disclosures relate only to discrete claims that are ripe for dismissal. For example, certain categories relate only to the recordkeeping claims in Counts III and IV. If the Court accepts

3

defendants' argument that the recordkeeping claims fail under Seventh Circuit precedent, then the scope of discovery could be narrowed.

Moreover, defendants' time bar arguments may significantly narrow the time frame relevant to discovery. Plaintiffs' allegations predate most of the individual defendants' and NURIC's becoming fiduciaries to the plans. The plaintiffs' proposed class period begins in 2010, but NURIC and certain individual defendants did not become fiduciaries until 2012 or 2014. Accordingly, the timeframe for responsive discovery from those defendants should be significantly narrowed. 29 U.S.C. § 1109(b) ("No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."). In addition, defendants have sought to enforce ERISA's three- and six-year statutes of limitations and repose. The Court's order will therefore streamline discovery by clarifying the time frame relevant to plaintiffs' claims.

## II. A Stay Will Reduce The Burdens Of Litigation.

Defendants also demonstrated in their opening brief that a stay will "reduce the burden of litigation," which is significant in this case. Mem. at 3-4. Plaintiffs' counsel has sought "massive" discovery in similar ERISA class actions, and is likely to do so in this case as well. *Id*. In response, plaintiffs do not deny that discovery will be extremely burdensome, they just criticize defendants for relying on declarations and other evidence filed by plaintiffs' counsel in similar ERISA class actions. Opp. at 10-12. Plaintiffs argue that defendants should have instead relied on a declaration from a Northwestern witness. But plaintiffs have not yet served discovery, and there is no Northwestern witness with personal knowledge of the discovery plaintiffs might serve or with prior experience litigating against plaintiffs' counsel in ERISA class actions. Rather than providing a declaration from a Northwestern witness who would be

4

speculating about what the burdens of discovery *might be*, defendants provided empirical evidence regarding what the burdens *actually were* in nearly identical cases brought by plaintiffs' counsel. There is no better evidence regarding the likely burdens of discovery than what plaintiffs have sought in the past in similar cases. Noticeably absent from plaintiffs' opposition is any statement that they plan to deviate from their standard scorched-earth approach here.[2]

### III.  A Stay Will Not Prejudice Plaintiffs

Defendants have also shown that plaintiffs will not be prejudiced by a stay because they do not need discovery to oppose defendants' motion to dismiss their amended complaint, and because they have essentially admitted they are not prepared to commence discovery. Mem. at 5 (citing *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.")). Defendants have also mitigated any burden on plaintiffs by making an initial production of core plan documents and provided a detailed set of Rule 26 disclosures.

Plaintiffs argue in their opposition that they are entitled to a "speedy" proceeding and that a stay will delay the equitable relief they seek. Opp. at 1, 12-13. But that is the case in every lawsuit where equitable relief is at stake. There is nothing unique about plaintiffs or the relief

---

[2] Plaintiffs' argument that the filings cited in defendants' opening brief are not relevant because they only show the discovery burden on *plaintiffs* in those cases is also a non-starter. The filings involved the costs incurred by plaintiffs in reviewing millions of documents produced by defendants, but the defendants' cost of reviewing and preparing those millions of documents for production were likely much greater. So, although plaintiffs are correct that these filings do not reflect the defendants' costs in those cases, the only reasonable inference is that those defendants spent much more than the millions of dollars plaintiffs' counsel sought to recover in fees and expenses.

5

they seek. Plaintiffs do not explain why they have an immediate need for additional "core" documents that cannot help them in the context of the motion to dismiss briefing.

What is more, plaintiffs' conduct shows that they do not actually have any interest in a "speedy" proceeding or quick equitable relief. In their joint discovery plan, the parties jointly proposed a 14-month discovery period. *See* Dkt. No. 39. Plaintiffs took no steps toward initiating discovery until this Court raised the issue at the November 15, 2016 hearing. Plaintiffs' leisurely approach belies their sudden concerns about the pace of litigation. Moreover, plaintiffs have largely disclaimed any interest in equitable relief. Plaintiffs stressed in their opposition brief to defendants' motion to strike their jury demand that they are primarily seeking legal relief through an award of damages, which are available regardless of when discovery begins. Dkt. No. 37. Plaintiffs' recent interest in equitable relief is convenient and not credible.

Further demonstrating that plaintiffs will not be prejudiced by a stay of discovery is that the parties still need to have preliminary discovery discussions regarding ESI search terms and protocols, as plaintiffs acknowledge in their opposition brief. Opp. at 11-12. Defendants agree that such discussions are necessary before formal discovery begins and are willing to engage in such discussions with plaintiffs while the motion to dismiss is pending.

6

## **CONCLUSION**

For all the foregoing reasons, the Court should grant defendants' motion to stay discovery.

Dated: January 23, 2017

Respectfully submitted,

By: */s/ Craig C. Martin*
    Craig C. Martin
    Amanda S. Amert
    Casey Grabenstein
    Monica Perdomo
    Jenner & Block LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    Telephone: (312) 222-9350
    Facsimile: (312) 527-0484

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on January 23, 2017, a true and correct copy of the foregoing **Defendants' Reply Brief in Support of Their Motion to Stay Discovery** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: January 23, 2017

Respectfully submitted,

By: */s/ Casey T. Grabenstein*
Craig C. Martin
Amanda S. Amert
Casey Grabenstein
Monica Perdomo
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendants*