IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA L. DIVANE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 16 C 8157 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| NORTHWESTERN UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants' motion to stay discovery [44] is denied. This case is referred to the magistrate judge for discovery supervision and discovery motions.

**STATEMENT**

Before the Court is defendants' motion for a stay of discovery pending the Court's decision on their motion to dismiss the amended complaint. A district court has "broad discretion" over discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). The Court may, for good cause, limit discovery in order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Defendants contend that a stay of discovery is warranted because their motion to dismiss will resolve the entire case; in the meantime, they will be relieved of the burden of producing what they believe will be "massive" discovery; and plaintiffs will suffer no prejudice as a result. In the Court's preliminary view, defendants' motion to dismiss (which is not yet fully briefed) is not likely to dispose of the entire case. Defendants argue that even if the case were to proceed, a ruling on the

motion will "narrow the broad allegations of the amended complaint," and they cite the "discrete claim" in Counts III and IV that defendants caused the plans at issue to incur excessive recordkeeping fees. (ECF No. 46, Defs.' Mem. at 3.) But defendants do not explain how or in what practical sense discovery would be streamlined were certain claims to drop out, and it is difficult for the Court to see how a partial dismissal would narrow discovery in any quantifiable way that would justify a stay. All of plaintiff's claims are based on the allegations that defendants breached their fiduciary duties and caused the employee benefit plans to engage in transactions prohibited by ERISA. Those allegations would remain at the core of this lawsuit even if some counts were dismissed, and it appears likely that largely the same discovery material would be involved, or at least there would be a great deal of overlap. Furthermore, the Court is not troubled by the prospect of "extensive" discovery when it is proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), and defendants fail to persuade the Court that it will be unduly burdensome for them to begin participating in the discovery process now.

  Because defendants have not shown good cause, the Court denies their motion for a stay of discovery.

SO ORDERED.        ENTERED:   February 15, 2017

_____
**JORGE L. ALONSO**
**United States District Judge**