UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA L. DIVANE, APRIL HUGHES, SUSAN BONA, KATHERINE D. LANCASTER, and JASMINE WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, NORTHWESTERN UNIVERSITY RETIREMENT INVESTMENT COMMITTEE, PAMELA S. BEEMER, RONALD R. BRAEUTIGAM, KATHLEEN HAGERTY, CRAIG A. JOHNSON, CANDY LEE, WILLIAM H. McLEAN, INGRID S. STAFFORD, NIMALAN CHINNIAH, and EUGENE S. SUNSHINE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 16 C 8157 <br><br> Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

In ¶ 287 of plaintiffs' 141-page first amended complaint ("Am. Complt."), plaintiffs demand a trial by jury. Defendants have moved to strike the jury demand. For the reasons set forth below, the Court grants defendants' motion [23] to strike the jury demand.

### DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading . . . any redundant [or] immaterial . . . matter." Fed.R.Civ.P. 12(f). Here, defendants move to strike plaintiffs' jury demand.

In this ERISA case, plaintiffs assert six claims for breach of fiduciary duty (Counts I-VI) and one claim for failure to monitor fiduciaries (Count VII). Plaintiffs seek relief under 29

U.S.C. §§ 1132(a)(2) and 1109(a). Among other things, plaintiffs want defendants to "make good to the Plans all losses to the Plans resulting from each breach of fiduciary duty." (Am. Complt. at 139). Plaintiffs argue that, because they seek to be compensated for "losses," they are, in essence, seeking money damages, a classic remedy at law, for which they are entitled to a trial by jury pursuant to the Seventh Amendment to the Constitution of the United States. Defendants argue that plaintiffs seek equitable relief, such that plaintiffs have no right to a jury trial.

The Seventh Amendment guarantees a right to a jury trial in suits "at common law," which means "'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies administered.'" *Granfinanciera SA v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). In determining whether a claim is legal or equitable, a court considers the claim's statutory antecedents prior to the merger of law and equity and whether the remedy is legal or equitable. *Granfinanciera SA*, 492 U.S. at 42.

It is clear that the antecedent of ERISA was the law of trusts, which is (and was) equitable. *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015) (noting that ERISA fiduciary law derived from trust law); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 ("ERISA abounds with the language and terminology of trust law."); *see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (noting that equitable relief under § 502(a)(3) refers to relief that was typically available in equity). Not surprisingly, then, the Seventh Circuit has concluded plaintiffs have no right to a jury trial in ERISA cases. *Patton v. MFS/Sun Life Fin. Distributors, Inc.*, 480 F.3d 478, 484 (7th Cir. 2007) (in a case brought under § 502(a)(1)(B), noting "plaintiff has no rights to jury trial" in ERISA cases); *McDougal v. Pioneer*

*Rand Ltd. Partnership*, 494 F.3d 571, 576 ("The general rule in ERISA cases is that there is no right to a jury trial because 'ERISA's antecedents are equitable,' not legal.") (internal citation omitted); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998) ("there is no right to a jury trial in an ERISA case (the reason being that ERISA's antecedents are equitable.").

Plaintiffs, though, believe their case is different, because they seek relief not under ERISA § 502(a)(1)(B) or § 502(a)(3) but under § 502(a)(2). ERISA § 502(a)(2) provides a private right of action "by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). ERISA § 409(a), in turn, provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan *any losses to the plan* resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary . . .

29 U.S.C. § 1109(a) (emphasis added).

Based on the plain language of this section, plaintiffs seek to recover "losses" to the plan resulting from the alleged breaches of fiduciary duty. (Am. Complt. at 139). Plaintiffs argue that such "losses" are money damages, a classic legal remedy.

The Court does not agree that the relief plaintiffs seek is legal. The relief plaintiffs seek is equitable, because the remedy they seek was available in equity prior to the merger of equity and law. The remedy plaintiffs seek is a surcharge, a form of equitable restitution. *See Restatement (Third) of Trusts* § 95, comment b (2012) ("If a breach of trust causes a *loss, including any failure to realize income, capital gain or appreciation* that would have resulted from proper administration, the beneficiaries are *entitled to restitution and may have the trustee surcharged* for the amount necessary to compensate fully for the consequences of the breach.") (emphasis added). The remedy existed prior to the merger of law with equity. *See Princess Lida*

3

*of Thurn and Taxis v. Thompson*, 305 U.S. 456, 464 (1939) (the "court has the power to fix the compensation of the trustee . . . and . . . to *surcharge him with losses incurred . . .*") (emphasis added). Although restitution is not an exclusively equitable remedy, it is equitable when the underlying claim is equitable, as it is here. *Reich v. Continental Cas. Co.*, 333 F.3d 754, 755-56 (7th Cir. 1994) ("whether [restitution] is equitable depends merely on whether it is being sought in an equity suit."); *see also Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009) ("'restitution is equitable when it is sought by a person complaining of a breach of trust.'"). Accordingly, the relief plaintiffs seek in this § 502(a)(2) suit is equitable[1], and they are not entitled to a jury trial. In reaching this decision, the Court is in good company. *Bell v. Pension Comm. of Ath Holding Co. LLC*, Case No. 15-cv-2062, 2016 WL 4088737 (S.D. Ind. Aug. 1, 2016) (striking demand for jury in ERISA § 502(a)(2) case); *George v. Kraft Foods Global Inc.*, Case Nos. 07 C 1713, 07 C 1954, 2008 WL 780629 (N.D. Ill. March 20, 2008); *Abbott v. Lockheed Martin Corp.*, Case No. 06-cv-0701, 2007 WL 2316481 (S.D. Ill. Aug. 13, 2007) (same).

Defendants' motion [23] to strike jury demand is granted, and the jury demand is stricken.

---

[1] The Supreme Court has recognized as much, albeit in dicta. *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011) ("prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'").

## CONCLUSION

For the reasons set forth above, the Court grants defendants' motion [23] to strike jury demand and hereby strikes plaintiffs' jury demand.

**SO ORDERED.**                                **ENTERED:**  April 25, 2018

_____
**JORGE L. ALONSO
United States District Judge**